UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDIE GEORGE,

       Plaintiff,

v.                                       Case No.: 8:16-cv-02069-T-27AAS

EMPERORS TAMPA, INC., and
MICHAEL TOMKOVICH,

       Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to 56, Federal Rules of Civil Procedure, and Local Rule 3.01, Defendants, Emperors Tampa, Inc., a Florida Corporation (hereinafter "Defendant EMT I") and Michael Tomkovich (hereinafter "Defendant Tomkovich"), an individual, by and through their undersigned counsel, respectfully submits this Motion for Summary Judgment and Memorandum of Law in Support.

**I.     INTRODUCTION**

Defendant is faced with groundless allegations by former employee Eddie George (hereinafter "Plaintiff") that exceed the legal and common-sense boundaries of what can be considered viable causes of action for racial discrimination in violation of 42 U.S.C. § 1981 (hereinafter "Section 1981") and over time wages in violation of 29 U.S.C. §255(a) (hereinafter "FLSA"). In short, Plaintiff cannot set forth a genuine issue of material fact that merits a trial. The undisputed material facts prove that Plaintiff was a poorly performing employee whose employment was terminated following multiple oral

1

reprimands that did not lead to improved performance. Plaintiff has not produced any credible evidence which refute th legitimate, non-discriminatory reasons for his termination from Defendant EMT I.

The Federal Rules of Civil Procedure and the undisputed material facts of this case dictate that summary judgment is proper as to Plaintiff's entire Complaint against both Defendants.

Plaintiff has failed to present any evidence that the employer discriminated against him on the basis of his race under Section 1981. When the layers of self-serving statements and unsubstantiated claims are peeled away, Plaintiff's claims are exposed as meritless. The record evidence proves that Plaintiff had numerous documented performance issues. Plaintiff received feedback and verbal warnings on multiple occasions in an effort to help him improve the quality of his work product and overall job performance. On March 2, 2016, Plaintiff is tardy to his second shift at the Defendant EMT I. That day, during a break, Plaintiff is seen using illicit drugs; he also ignores the music format directions yet another time. The same day, after the establishment closed, manager Chris Cabrera decided to terminate Plaintiff's employment. The lawsuit that followed is nothing more than an attempt to harass and extort money from Defendants for legitimately terminating his employment.

Plaintiff cannot defeat summary judgment merely by relying on his self-serving denials of EMT I's legitimate non-discriminatory reasons for his termination. See *Midwestern Waffles, Inc. v. Waffle House, Inc.*, 734 F.2d 705, 714 (11th Cir. 1984) (noting that self-serving statements by a plaintiff are not substantial enough to survive summary

judgment). He is required to set forth evidence that is sufficient to create a genuine issue of material fact, and he simply cannot do so. Plaintiff has done nothing more than point to a series of irrelevant, unsubstantiated events as evidence of EMT I's alleged discriminatory motivations for his termination. Based on the evidence, no reasonable jury could conclude that EMT I's decision to terminate Plaintiff was based on race discrimination or retaliation.

Plaintiff has also failed to present any evidence that the employer violated FLSA and did not pay Plaintiff for overtime wage.

Because no genuine issue of material fact exists to support Plaintiff's allegations, summary judgment in favor of Defendants is appropriate.

**II.    STATEMENT OF MATERIAL FACTS**

1. On or about June 2015, Plaintiff was hired as a disc jockey (hereinafter "DJ") at Emperors Tampa II, Inc. d/b/a Emperors Tampa II (hereinafter "EMT II") at 5718 E. Adamo Dr., Tampa, FL 33619, Federal Employer Identification Number: P07000100822. (See Exhibit "A"-Florida SunBiz Corporation details for Emperors Tampa II, Inc).

2. As Plaintiff states in his Amended Complaint, he worked for EMT II, as a DJ making $8.05 an hour, until on or about February 20, 2016, when he was terminated and moved to Emperors Tampa Inc. d/b/a Emperors Tampa I (hereinafter "Defendant EMT I"). (Doc. 7 and See Exhibit "B"- a copy of a EMT II's 2016, payroll company, ADP's Employee Summary Report, Payroll Details, and Earnings Record).

3. EMT II and Defendant EMT I are two separate establishments/business

    entities that are both located at 5718 E. Adamo Dr., Tampa, FL 33619 but have different Federal Employer Identification Numbers. (See Exhibit "C"- Florida SunBiz Corporation details for Emperors Tampa, Inc).

4. Defendant EMT I's Federal Employer Identification Number is P05000139608. (See Exhibit "C").

5. Defendant Michael Tomkovich is the President of Defendant EMT I. *(Id.)*

6. Both EMT II and Defendant EMT I are adult entertainment and gentleman's clubs, however EMT II, is a full Liquor bar with no full nudity and Defendant EMT has no liquor and contains full nudity. (See Exhibit "D"- An article from a website, *Creative Loafing*, that states, "Emperors Gentlemen's Club Tampa I & II are located next to each other, one is Full Nude/No Liquor while the other is Topless/Full Liquor").

7. After Plaintiff was terminated from EMT II, he only worked for Defendant EMT I's establishment for two days, March 1, 2016, and March 2, 2016, as a DJ. (Doc. 7 and Exhibit "E"-a copy of Defendant EMT I's business record of a summary of Plaintiff Eddie George's termination by Defendant EMT I's manager Chris Cabrera.)

8. Plaintiff was required to follow certain music formats for playing music to the patrons. This music was decided by the manager Chris Cabrera and upper management and communicated to the Plaintiff several times. (Id.)

9. On or about March 4, 2016, Plaintiff was terminated from Defendant EMT I by manager Chris Cabrera for poor performance and insubordination. (See

Exhibit "F"-a copy of Defendant EMT I's business record of a Notice of Disciplinary Action-Termination).

10. Plaintiff was terminated after manager Chris Cabrera, "verbally warned [Plaintiff] previously reference not abiding by our required music format. Once again the format wasn't adhered to again." (*Id*.) Cabrera further stated that "Subsequent to this verbal warning Mr. George continued to fall back to music outside our set format. Upon consistent failure to maintain the said format during his scheduled shifts it was in my opinion time to terminate his employment with Emperors Tampa." (Exhibit "E").

11. On or about March 5, 2016, following Plaintiff's termination from Defendant EMT I's establishment, Plaintiff was paid in his final pay in cash. Specifically, Plaintiff worked March 1, 2016, 9pm to 6am and March 2, 2016, 9pm to 6am, a total of 18 hours at $8.05, which equaled $144. Plaintiff and manager Cabrera signed a handwritten document that stated, "Shift Pay-Final Pay…[Plaintiff Eddie George] Received pay in full in cash from safe in the amount of $144". (See Exhibit "G"-a copy of Defendant EMT I's business record of the cash receipt of final pay to Plaintiff Eddie George from Emperor's Full Nude aka Defendant EMT I).

12. Notwithstanding the foregoing, on or about March 11, 2016, Plaintiff Eddie George approached Defendant EMT I and demanded for the second time, his final pay for the said two days of working. In error, Defendant EMT I's paid Plaintiff once again for the hours worked on March 1, 2016, and March

2, 2016, in the amount of $145, to which Plaintiff and manager signed the hand written cash acknowledgment of "cash in full." (Id.)

13. On or about July 17, 2016, while Plaintiff was no longer employed he returned to Defendant EMT I's establishment after being previously banned and threatened the manager Cabrera with a gun. After being escorted off the premises, Plaintiff stated to Cabrera that he would spray him with bullets, then Plaintiff pulled out a gun and chocked it. The incident was documented in the attached, EMT I's *Customer Incident Report* and in the attached, *Hillsborough County Criminal Report Affidavit*. (See Exhibits "H" and "I").

14. As a result, Plaintiff was arrested by the Hillsborough County Police Department for three felonies; Aggravated Assault, Felon in Possession of a Weapon, and Carrying Concealed Firearm. (Exhibit "I").

## III. STANDARD OF REVIEW

A federal court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment, therefore, must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion

for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986).

Where, as here, the Plaintiff maintains the ultimate burden of persuasion, the defendant can meet its burden on summary judgment simply by revealing the lack of evidence supporting the Plaintiff's case. *Catrett*, 477 U.S. at 325. The Plaintiff cannot rely on the allegations in his Complaint, or "simply show . . . some metaphysical doubt as to the material facts" to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Instead, the Plaintiff must set forth specific facts, through affidavits or other proof that reveal a genuine issue for trial. *See Catrett*, 477 U.S. at 322–24; Anderson, 477 U.S. at 249. While the facts must be construed in the light most favorable to the non-movant, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. 242, 249-50 (internal citations omitted). In the absence of any genuine issue of material fact, that would support Plaintiff's claims, summary judgment in favor of all Defendants is appropriate.

IV. **ARGUMENT**

    A. **Summary Judgment is Proper as to Plaintiff's Claim for Discrimination Because He Has Failed to Establish the Elements of a Prima Facie Case for Racial Discrimination and He Cannot Overcome the Legitimate Non-Discriminatory Reasons for His Termination**

Plaintiff claims that EMB I unlawfully discriminated against him because of his race based on the Company's enforcement of its requirement of certain music sets by DJ's

and negative evaluations of his work product. Plaintiff was hired as a disc jockey ("DJ") with defined music format to be played at the establishment. Despite the responsibility of playing a particular genre of music, Plaintiff often chose to play songs that did not conform to the required music format. (Exhibit "E").

Plaintiff is convinced that the multiple disciplinary write-ups and negative performance evaluations he received were because he was black. Despite these allegations, Plaintiff has not produced sufficient evidence to establish a prima facie case of discriminatory discharge under Section 1981. Accordingly, Defendants are entitled to summary judgment.

Claims brought under section 1981 are governed by the same legal standards as disparate treatment claims brought under Title VII. *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). Under Title VII, employers are prohibited from discharging any individual, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Where, as here, there is no direct evidence of discrimination, a plaintiff must rely on circumstantial evidence to prove discriminatory intent, using the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973). Under *McDonnell Douglas*, Plaintiff may establish a prima facie case by demonstrating that: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he was terminated despite his qualifications; and (4) after his termination, he was replaced by a person outside his protected class. *McDonnell Douglas Corp.*, 411 U.S.

at 802, 93 S. Ct. at 1824, 36 L. Ed. 2d at 677; *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1375 (11th Cir. 1996). If Mr. George is able to demonstrate a prima facie case of discrimination, the burden shifts to EMT I to demonstrate a legitimate, non-discriminatory reason for the adverse employment action. *Mayfield,* 101 F.3d 1371 at 1375. If EMT I is able to meet its burden of demonstrating that there was a legitimate, non-discriminatory reason for the adverse employment action, the burden shifts back to Plaintiff to prove that the reason(s) provided by the Company were pretextual. *Id.*

Though the Complaint lacks clarity, careful reading would seem to indicate that Plaintiff believes he was allegedly discriminated against and terminated solely based on his race. While Plaintiff repeatedly has asserted that he was discriminated against on these grounds, he has failed to produce any credible evidence to support his claim.

Plaintiff's claims reflect nothing more than a subjective belief that he must be the victim of race discrimination because he is African American, he was written up for performance problems, and his employment was terminated. Moreover, Plaintiff never complained of discrimination before being terminated. Other than self-serving statements in his Complaint, Plaintiff can present no evidence of discrimination in this case.

As a matter of law, Plaintiff's failure to prove that his race was a reason for his discipline and discharge mandates summary judgment. While EMT I does not contest that he suffered an adverse employment action and is a member of a protected class, Plaintiff has not produced sufficient evidence to support the other two elements of a prima facie case for race discrimination. First, Plaintiff has failed to demonstrate that he was performing at a satisfactory level and meeting EMT's legitimate expectations at the time

9

he was terminated. In other words, Plaintiff has failed to prove that he was qualified for his position. Second, Plaintiff has failed to produce evidence demonstrating that his position was filled by an individual outside his protected class.

In determining whether an employee was qualified for a job, the court should look to the employee's actual performance. See *Silverstein v. Metroplex Communications, Inc.*, 678 F. Supp. 863 (S.D. Fla.1998); *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990). The employee must show that he was performing his job "at a level which met his employer's legitimate expectations." *Vickers v. Fed. Express Corp.*, 132 F. Supp. 2d 1371, 1379 (S.D. Fla. 2000) (quoting *McDonald*, 898 F.2d at 1160 (internal citation omitted)); see also *Baker v. Sears, Roebuck & Co.*, 903 F.2d 1515, 1520 (11th Cir. 1990) (recognizing an employer's right to establish and enforce performance standards regarding the qualification prong); *Toomer v. CACI, Inc.-Fed.,* 566 F. App'x 886, 888 (11th Cir. 2014) (Plaintiff fails to establish a prima facie case for race discrimination where he cannot demonstrate that he was qualified for the position from which he was terminated because of poor performance).

Plaintiff was not qualified to perform his job, and he was written up, and his employment was terminated by EMT I as a result. There is no dispute that the Plaintiff was advised on multiple occasions that he needed to abide by EMT I's policies regarding the music played as a DJ and improve his work product.

The Eleventh Circuit has clearly held that where an employer produces performance reviews and other documentary evidence of misconduct and insubordination that demonstrate poor performance, an employee's assertions of his own good performance

are insufficient to defeat summary judgment in the absence of other evidence. *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997); *Brown v. Sybase, Inc.*, 287 F. Supp. 2d 1330, 1340 (S.D. Fla. 2003). Ultimately, Plaintiff has not alleged a single, specific fact supporting the position that he met EMT I's legitimate expectations. Therefore, Plaintiff has unquestionably failed to establish a prima facie case for race discrimination, and summary judgment is proper.

Plaintiff also fails to establish a prima facie case for race discrimination because he cannot demonstrate that his position was filled by someone outside his protected class. EMT I has been using multiple employees to complete the work previously performed by Plaintiff, some of which are African-American and part of the same protected class. An inability to establish the fourth prong of the *McDonnell Douglas* standard is fatal to Plaintiff's prima facie case for race discrimination. Plaintiff is unable to show that he was qualified for his position, or that the position was filled by someone outside of his protected class. Accordingly, summary judgment is proper as to Plaintiff's claim of race discrimination under Section 1981.

Finally, Plaintiff cannot show that EMT I's legitimate, non-discriminatory reasons are a pretext for discrimination. When an employer proffers legitimate, non-discriminatory reasons for discipline or discharge, a plaintiff must prove that such reasons are pretextual. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S. Ct. 1089, 1095 (1981). The failure to prove pretext means that the employer's proffered non-discriminatory reasons stand unrebutted, making summary judgment appropriate.

**B. Summary Judgment is Proper as to Plaintiff's Claim for Overtime Wages**

### Under FLSA

To establish a claim for payment of overtime compensation or minimum wages under the FLSA, Plaintiff must establish the following: (1) she was employed by EMT I during the time period involved; (2) he was engaged in commerce or production of goods for commerce, or employed by an enterprise engaged in commerce or in the production of goods for commerce; and (3) EMT I failed to pay the overtime compensation and minimum wage required by law. 29 U.S.C. § § 206(a) (1), 207(a)(1). See also Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005); *Taylor v. Premier Debt Sols*., LLC, No. 6:12-CV-519-ORL-22, 2012 WL 4792641, at *2 (M.D. Fla. Sept. 20, 2012), report and recommendation adopted, No. 6:12-CV-519-ORL-22, 2012 WL 4792881 (M.D. Fla. Oct. 9, 2012).

As evidenced by the cash receipt paid I full by EMT I's to Plaintiff for his two days worked for Defendant EMT I, Plaintiff never worked any overtime. (Exhibit "G"). Therefore, Plaintiff failed to prove that EMT I, did not to pay the overtime compensation and minimum wage required by law, and the granting of summary judgment against Plaintiff would be just.

### V.   CONCLUSION

Plaintiff's unsubstantiated allegations and lack of evidence, in this case, fall woefully short of establishing viable claims for Count I-race discrimination in violation of Section 1981 and Count II-Overtime Wages under FLSA. For the foregoing reasons, Defendants respectfully request that this Court grant their Motion for Summary Judgment

against Plaintiff's Complaint in its entirety against all Defendants.

Dated: June 1, 2017                              Respectfully Submitted,
                                                 /s/Luke Lirot_____
                                                 Luke Lirot, Esq.
                                                 Florida Bar Number 714836
                                                 LUKE CHARLES LIROT, P.A.
                                                 2240 Belleair Road, Suite 190
                                                 Clearwater, Florida 33764
                                                 Telephone: (727) 536-2100
                                                 Facsimile: (727) 536-2110
                                                 *Attorney for the Defendants*
                                                 luke2@lirotlaw.com  (primary e-mail)
                                                 jimmy@lirotlaw.com  (secondary e-mail)
                                                 justin@lirotlaw.com (secondary e-mail)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 1, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this case, and mailed a copy via U.S. Mail to Plaintiff, Eddie George at DC Number 532689, R.M.C. West Unit, P.O. Box 628, Hwy. 231, Lake Butler, Florida 32054-0628.

                                                 /s/Luke Lirot_____
                                                 Luke Lirot, Esquire
                                                 Florida Bar Number 714836