UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDIE GEORGE,

    Plaintiff,

v.                                                            Case No. 8:16-cv-2069-T-27AAS

EMPERORS TAMPA, INC., and
MICHAEL D. TOMKOVICH,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motion for Summary Judgment (Dkt. 28) and Plaintiff's response in opposition (Dkt. 38).[1] Upon consideration, the motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff sued his employer Emperors Tampa, Inc. and its owner Michael D. Tomkovich for race discrimination in violation of 42 U.S.C. § 1981 (Count I), and for Fair Labor Standards Act overtime violations (Count II). (First Amended Complaint, Dkt. 7). Defendants move for summary judgment on the grounds that there is no evidence showing a prima facie case of racial discrimination, they had legitimate, non-discriminatory reasons for terminating Plaintiff, and he did not perform any overtime work. (Dkt. 28).

---

[1] Plaintiff's handwritten response in opposition to Defendants' motion for summary judgment has a stamp indicating that the Union Correctional Institution received it on August 22, 2017, which was sufficient to comply with the response deadline of August 30, 2017. *See* (Order, Dkt. 36); (Response, Dkt. 38) (Docketed by the Clerk on September 8, 2017).

Plaintiff, who is proceeding *pro se*,[2] was employed as a disc jockey at a gentlemen's club at 5718 E Adamo Drive, Tampa, FL 33619 between June 2015 and March 2016. Although Defendants claim that Emperors Tampa employed Plaintiff for only two days in March 2016, and that other business entities employed him prior to that time, he provides evidence establishing a genuine question of whether Emperors Tampa was his employer throughout the time that he worked at the club. *Compare* (Motion for Summary Judgment, Dkt. 28 at pp. 3-4), *with* (Response, Dkt. 38 at pp. 1-2), *and* (Payroll records, Dkt. 33-2) (showing "EMTB LLC" as Plaintiff's employer from January 1, 2016 to February 18, 2016).[3] Payroll records show that he never worked more than forty hours in a week from January 1, 2016 to February 18, 2016, and that he was fully compensated for his work. (Payroll records, Dkt. 33-2).

Defendants present evidence that manager Christopher Cabrera terminated Plaintiff on March 4, 2016 for failure to follow the required music format after multiple warnings. (Christopher Cabrera signed statement, Dkt. 33-5). Their evidence further shows that Emperors Tampa mistakenly paid him twice for his final two shifts worked on March 1 and 2, 2016. (*Id.*); (Payment receipts, Dkt. 33-7). They provide documents that they claim show Plaintiff's signature acknowledging receipt of the

---

[2] Plaintiff's counsel was granted leave to withdraw. (Order, Dkt. 23). Plaintiff was advised of the provisions of Rule 56 of the Federal Rules of Civil Procedure in accordance with *Johnson v. Pullman, Inc.*, 845 F.2d 911, 913-14 (11th Cir. 1988) (per curiam) after Defendants filed their motion for summary judgment. (Order, Dkt. 29).

[3] According to Defendants, Emperors Tampa and Emperors Tampa II, Inc. are separate establishments located at 5718 E Adamo Drive. (Motion, Dkt. 28 at pp. 3-4); *see also* (Sunbiz.org records for Emperors Tampa II, Inc. and Emperors Tampa, Inc., Dkts. 33-1 & 33-3). Tomkovich is the only officer of both entities. (Sunbiz.org records, Dkts. 33-1 & 33-3). Defendants do not explain why Plaintiff's payroll records show EMTB, LLC as his employer from January 1, 2016 to February 20, 2016. (Payroll records, Dkt. 33-2).

Plaintiff states in his response to the motion for summary judgment that the club at 5718 E Adamo drive consists of a "front" section and a "back" section, and that he was unaware of any corporate division between the front and back. (Response, Dkt. 38 at pp. 1-2). He further states that it was customary for him to work in both parts of the club, and that he always clocked in at the same location within the club. (*Id.* at p. 2). Accordingly, there is a genuine question of whether Emperors Tampa was Plaintiff's employer throughout the time he worked at the club.

final payments. (Payment receipts, Dkt. 33-7).

Plaintiff's handwritten response to Defendants' motion for summary judgment generally denies their statements of fact without clarifying whether he is denying all or part of those statements. *See, e.g.,* (Response, Dkt. 38 at p. 2). His affirmative statements are that electric dance music was Defendants' required music format, he has hours of recordings showing that he played that music format at the club, his signatures on the payment receipts are a fraud, he did not work until 6 a.m. on March 1 and 2, 2016 as indicated by the payment receipts, he never spoke to Cabrera, and he is a master in recording arts with thirty-eight years of experience in the music and entertainment business. (*Id.* at pp. 2-4, 8). He further asserts that he knows that Emperors Tampa terminated him based on his race because management would send black employees to the back of the club whenever Tomkovich was present and he overheard Tomkovich say to management shortly before his termination that he wanted all of the black employees fired. (*Id.* at pp. 7-8).

## II. STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). All facts are viewed and all reasonable inferences are drawn in the light most favorable to the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the initial burden of showing that there are no genuine disputes of material fact. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the nonmoving party bears the burden of proof at trial, the moving party may discharge that initial burden by pointing out the absence of evidence to support the nonmoving party's case. *Id.* (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437-38 (11th Cir. 1991)). Once the moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories, and admissions on file to designate facts showing a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. The nonmoving party may not rely on mere allegations or denials in the pleadings to survive a motion for summary judgment, but rather must respond with specific facts showing that there is a genuine issue for trial. *Id.* at 321 & n.3 (citing FED. R. CIV. P. 56(e)).

### III. DISCUSSION

#### A. *There is No Evidence Supporting Plaintiff's Claim of Racial Discrimination*

Plaintiff's discrimination claim under 42 U.S.C. § 1981 is subject to the same requirements as a claim under Title VII of the Civil Rights Act of 1964. *Flowers v. Troup Cnty, Ga. Sch. Dist.*, 803 F.3d 1327, 1335 & n.7 (11th Cir. 2015) (citing *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1324-25 & n.14 (11th Cir. 2011)). Those laws prohibit employers from discriminating against an employee on the basis of race. *Id.* at 1335 (citing 42 U.S.C. § 2002e-2(a)). An employee bears the burden of showing race discrimination with direct evidence or with circumstantial evidence under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.*

4

Defendants establish the absence of direct evidence of discrimination. "The evidence must reflect a 'discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee.'" *Addison v. Ingles Markets, Inc.*, 515 F. App'x 840, 842 (11th Cir. 2013) (per curiam) (quoting *Damon v. Fleming Supermarkets of Fla, Inc.*, 196 F.3d 1354, 1363 (11th Cir. 1999)). Plaintiff asserts that, shortly before Emperors Tampa terminated him, Tomkovich stated he wanted all of the black employees fired. (Response, Dkt. 38 at p. 8). But Defendants present evidence that manager Cabrera made the final decision to terminate Plaintiff. (Cabrera statement, Dkt. 33-5); (Notice of Disciplinary Action, Dkt. 33-6). And there is no evidence that Emperors Tampa actually terminated all black employees in accordance with Tomkovich's directions. Tomkovich's comments, therefore, did not occur in the context of Plaintiff's termination and do not directly establish that his termination was racially motivated. *See Addison*, 515 F. App'x at 842.

Because there is no direct evidence of discrimination, the *McDonnell Douglas* burden-shifting framework applies. Under that framework, "a plaintiff first must make out a prima facie case of discrimination that 'in effect creates a presumption that the employer unlawfully discriminated against the employee.'" *Flowers*, 803 F.3d at 1336 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). "In race-discrimination cases, a plaintiff makes out a prima facie case when he shows by a preponderance of the evidence (1) that he is a member of a protected racial class, (2) that he was qualified for the position, (3) that he experienced an adverse employment action, and (4) that he was replaced by someone outside of his protected class or received less favorable treatment than a similarly situated person outside of his protected class." *Id.* (citing *Maynard v. Board of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003)). The burden then shifts to the defendant to present a legitimate, nondiscriminatory reason for the adverse employment action. *Id.*

A defendant who meets that burden will rebut the presumption of discrimination, and plaintiff bears the ultimate burden of persuasion that the defendant's proffered reason is pretext. *Id.*

Defendants point out the absence of evidence supporting a prima facie case of discrimination. They concede the first and third elements of a prima facie claim, that Plaintiff is a member of a protected class and he experienced an adverse employment action, but argue that there is no evidence he was qualified for his position or that he was replaced by someone outside of his protected class. Plaintiff provides evidence of his qualifications as a disc jockey, but he fails to present any evidence that he was replaced by someone outside of his protected class or treated less favorably than another employee outside of his protected class. *See Banks v. Tanner Med. Ctr, Inc.*, 662 F. App'x 746, 749 (11th Cir. 2016) (per curiam). He does not identify anyone else that Defendants treated differently. The evidence therefore shows that he cannot establish a prima facie case of discrimination and that Defendants are entitled to summary judgment on his section 1981 claim. *Id.*[4]

### B. *Defendants Establish the Absence of a Genuine Dispute of Material Fact of Whether They Denied Plaintiff Overtime Compensation*

The FLSA requires employers to compensate employees at one and one-half times their regular rate for all hours worked in excess of forty per week. 29 U.S.C. § 207. As noted, there is a genuine question of whether Emperors Tampa, and not another business entity, employed Plaintiff

---

[4] Plaintiff asserts that his incarceration prevents him from accessing his laptop computer containing evidence showing that he played Defendants' required music format at the club, and requests an opportunity to present that evidence in support of his section 1981 claim. (Response, Dkt. 38) (citing FED. R. CIV. P. 56). He argues that the evidence on his laptop is material because it shows his qualifications as a disc jockey and that Defendants' proffered reason for his termination is pretext. (*Id.*). It is not necessary to provide Plaintiff additional time to present that evidence because Defendants have established the absence of a genuine dispute of material fact with respect to the fourth essential element of a prima facie racial discrimination claim. Evidence that Plaintiff complied with Defendants' required music format is immaterial to that element, which turns on whether they replaced him with someone outside of his protected class or treated him less favorably than someone outside his protected class. Accordingly, Defendants are entitled to summary judgment on Plaintiff's section 1981 claim notwithstanding the additional evidence he references.

throughout the time that he worked at the club. Accordingly, Defendants bear the initial burden of showing the absence of evidence supporting his claims that they failed to compensate him for overtime work in 2015 and 2016.

Defendants met their burden by providing payroll records showing that Plaintiff received compensation for his work from January to February 2016 and documents showing that Emperors Tampa compensated him for the work he performed in March 2016. (Payroll records, Dkt. 33-2); (Cabrera statement, Dkt. 33-5); (Notice of Disciplinary Action, Dkt. 33-6); (Payment receipt, Dkt. 33-7). That evidence shows that Plaintiff never worked more than forty hours per week for Emperors Tampa in 2016. And there is no evidence that Plaintiff worked more than forty hours for Emperors Tampa in any week in 2015 or, alternatively, that Emperors Tampa failed to compensate him for overtime work in 2015. The burden therefore shifted to Plaintiff to present evidence that shows a genuine question of whether Defendants failed to compensate him for overtime work.

Plaintiff failed to present evidence creating a genuine dispute of material fact with respect to his FLSA overtime claim. His response generally denies Defendants' arguments and evidence, but his mere denials of their evidence are insufficient to show a genuine dispute for trial. *See Celotex Corp.*, 477 U.S. at 321 & n.3. His specific, affirmative statements relating to his overtime claim are that he did not work until 6 a.m. on March 1 and 2, 2016, his signatures on the payment receipts are a fraud, and he never spoke with Cabrera. Those assertions do not show either that he worked more than forty hours per week or that Defendants failed to compensate him for overtime work. To the contrary, his statement that he did not work until 6 a.m. on March 1 and 2 undermines his overtime claim by indicating that Defendants compensated him for more time than he actually worked. Accordingly, Defendants are entitled to summary judgment on his FLSA overtime claim.

7

## IV. CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment (Dkt. 28) is **GRANTED**. The Clerk is directed to **ENTER FINAL JUDGMENT** in favor of Defendants. All pending motions are **DENIED** *as moot*. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 19th day of October, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro se* Plaintiff and counsel of record